IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENDALL HUDSON
Plaintiff

V.

CARBERRY
MOELLER
COILLINS
KILLEEN
REEDER
KOT
WILLIAM
HARRY
DIGBY
KUZAR
CLEAVER

Civil NO 3:15-CV-1282

(JUDGE MARIANI)

FILED
SCRANTON
OCT 19 2015
PER AMO
DEPUTY CLERK

# PROPOSED AMENDED COMPLAINT

## JURISDICTION IN VENUE

1. This is a Civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under Color of state law of rights secured by Constitution of The United States. The court has Jurisdition under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Hudson seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Hudson Claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of Federal Rules of Civil Procedure.

2. The Middle District of Pennsylvania is an appropriate Venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to Claim occurred.

## PLAINTIFFS

3. Plaintiff Kendall Hudson. is and at all times metioned herein a Prisoner of the state of Pennsylvania in the Custody of the Pennsylvania Department of Corrections. He is currently Confined in SCI CAMPHILL Prison in Camphill, Pennsylvania.

# DEFENDANTS

4. Defendant Laurel Harry is the superintendent of Camphill Prison. she is legally responsible for the operation of Camphill prison and for the welfare of all inmates in that prison.

5. Defendant Keith Carberry is a Correctional officer of Pennsylvania Department of corrections who, at all times mentioned in this Complaint, held rank of Intelligence Captain and is now Major of Guards.

6. Defendant Moeller is a Correctional officer of Pennsylvania Department of corrections who at all times mentioned in this Complaint, is assigned to the Security officer at Camp Hill Prison.

7. Defendant Collins is a Correctional officer of Pennsylvania Department of Corrections who at all times mentioned in this Complaint, is assigned to the security officer at Camp Hill Prison.

8. Defendant Reeder is a Correctional officer of Pennsylvania Department of Corrections who at all times mentioned in this Complaint, held rank of correctional officer and was assigned to Camp Hill Prison.

9. Defendant Killeen is a Correctional officer of the Pennsylvania Department of corrections who, at all times mentioned in this Complaint, held rank of correctional officer and was assigned to Camp Hill Prison.

10. Defendant Anthony Kot is an employee of the Pennsylvania Department of Corrections who, at all times metioned in this Complaint, holds Position of unit manager and serves as a hearing examiner at Camp Hill Prison.

11. Defendant Tracey Wilson is an employee of the Pennsylvania Department of corrections who, at all times mentioned in this complaint, she held position of hearing examiner and is now assigned an office at Department of Corrections Central office, 1920 Technology Parkway Mechanicburg.

12. Defendant Jen Digby is an employee of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint, holde Position of unit manager at camp Hill Prison.

13. Defendant Kuzar is a Correction officer of pennsylvania Department of Corrections who at all times mentioned in this Complaint. hold rank liuetenant and is assigned to the RHU at Camp Hill Prison.

14. Defendant Cleaver is a correctional officer of pennsylvania Department of corrections who at all times mentioned in this Complaint. hold rank of sergeant and is assigned to the RHU at Camp hill Prison.

STATEMENT OF CLAIMS

15. On September 24, 2014 defendant Capt. Carberry authorized a investigative cell search at Camp Hill prison, on N-Block Cell B-55. This Cell housed plaintiff Kendall Hudson and Cellmate at the time Kendall Jones.

16. Plaintiff Hudson and Jones was placed in the RHU 12:00 AM on September 24, 2014. They were placed under A/C status pending investigation. The search took place around 7:30 am. Plaintiff Hudson and cell mate Jones at the time was not present during this search.

17. Defendant Moeller and defendant Collins destroyed everything in the cell leaving the cell in total dissarray. Plaintiff Hudson was made aware of this by the RHU property officer and N-Block unit Manager. Also brought to Plaintiff Hudson knowledge by other inmates that witnessed, the Security office had to take pictures of the cell after the block sgt on morning shift seen how the cell was left by the defendants Moeller and Coillins.

18. Defendant Moeller and defendant Collins miss placed important legal documents. PCRA Brief and supreme court brief. Plaintiff Hudson needed the missplaced documents to file his federal habeas Corpus petition. Without them plaintiff Hudson will not be able to file, and this will leave him time barred. Plaintiff Hudson filed a grievance on this issue, see grievance attached as Exhibit A.

19. During the search defendant Moeller and defendant Collins didn't find nothing. So they made up a fabricated story about 3 lollipops that tested positive for amphetamines. They used a Narcotics Identification Kit.

20. Moeller and Collins tested 3 lollipops using a NIK-Kit also know as a Narcotics Identification Kit, the lollipops were never sent for profesional lab anliysis. The field test used test the lollipops for amphetamines.

21. Plaintiff Hudson was served a DC-141 also know as misconduct report on September 25. 2014 for, A-22 possession or use of dangerous or controlled substance, B36 - possesion of contraband, B45 failure to report the presence of contraband. See write up dc-141 attached as Exhibit B.

22. On September 30, 2014 Plaintiff Hudson had his hearing. The hearing examiner Defendant Anthony Kot went with the Co's version and found Plaintiff Hudson guilty of all charges. Defendant Kot knew the lollipops wasn't and didn't belong to plaintiff Hudson because of the fact Kendall Jones claimed ownership at the hearing. Defendant Kot sentenced Plaintiff Hudson to a harsh and aggragated sentence of 270 days in the RHU. Plaintiff Hudson went through the whole appeal procedures and was denied at every step.

23. While housed in the RHU Plaintiff Hudson was harrassed, assaulted deprived food and excerise and force to live in harsh and extreme living conditions.

24. On September 24, 2014 Plaintiff Hudson was placed in an unsafe living enviorment, were he was forced to live in a cell housed at Camp Hill prison O-Block A1-7 cell. The cell had mold build up, rust and decay. The plumbing was messed up, the tolite leaked and flooded from the bottom, the sink had black stuff coming from the drains. The smell was unbearable and made plaintiff Hudson sick a couple of times. Plaintiff Hudson filed a grievance on this issue that grievance is attached as Exhibit C.

25. On December 3, 2014 approximately 9:30 to 10:00 Plaintiff Hudson was harrassed and threatend with bodily harm. Incident took place at Camp Hill prison O-block law libary. Defendant Reeder came to cuff Plaintiff Hudson and escort him from the RHU law libary Defendant made a rasist remark saying "niggas like you die in Jail." Lt Davey

intervened shortly and threatend to stome Plaintiff Hudson out when they get pass cameras.

22- **26.** Shortly afterwards on the same day Plaintiff Hudson was denied lunch by defendant Killeen around 10:00 - 10:35. After the RHU law libary incident the harrasment escalated. December 5, 2014 Plaintiff Hudson recived a break feast tray with chewing tobbacco spit, that tray was passed to Plaintiff Hudson by defendant Reeder. The same day Plaintiff Hudson recived a lunch tray that was also tampered with. Everthing was smashed up. That tray was givin to Plaintiff Hudson by Lt. Kuzar. Plaintiff Hudson suffered extreme weight loss and problems with health from getting deprived trays numerous amounts of times. Plaintiff Hudson filed a grievance also attached as Exhibit D. Plaintiff Hudson also seeked medical attention and was made aware to the fact he had loss 30 pounds from the time he came to the RHU til now.

23- **27.** Plaintiff Hudson was denied yard for 6 month straight, from retaliation from pass grievances. Plaintiff Hudson was denied yard, Plaintiff Hudson havnt been in the yard, deined excerise for 6 months straight, steming from December 2014 to May 2015. Being deprived of execrise for long periods of time violates constitutional rights. Plaintiff Hudson filed a grievance on this issue, see grievance attached as Exhibit E.

4- **28.** January 20th approxitmately 7:40 defendant Killeen did a cell search on cell B-54 located on D-Block/RHU at Camp Hill Prison. Plaintiff Hudson was housed in the cell at the time. Defendant Killeen was supose to perform the cell search and escort Plaintiff Hudson to the yard. Instead he destroyed the cell and threw a lot of things on the tier. Amoung those things were some important legal documents and magazines that was paid for. Aftewards defendant Killeen locked Plaintiff Hudson back in the cell deining him yard. Plaintiff Hudson ask defendant Killeen "Why you keep doing this to me!" He responed "write it up and see what happens. Plaintiff Hudson filed a grivance on this issue, see grivance attached as Exhibit F.

25-29. On Febuary 14, 2015 defendant Killeen stood firm on his word and retailiated against Plaintiff Hudson for filing grievance marked Exhibit F. On Feburary 14, 2015 defendant Killeen handed Plaintiff a emoty styrofoam tray for breakfeast. Plaintiff Hudson flooded his cell to get the attention of a higher ranking CO. Captin. Eichenberg resepond. Plaintiff Hudson made Captin. Eichenberg aware of what was going on. Captin Eichenberg Stated "I would make sure everybody eat for lunch, Im tired of my officers thinking they can do what ever they want do!"

26-30. Shortly afterwards defendant Killeen along with Sgt. Cleaver CO. Ziegler and Co. Crokus escorted Plaintiff Hudson to the strip search area. At all time the camera supose to be on during a strip search in this area. Plaintiff Hudson Knew something wasn't right when bubble officer at the time, Co. Brant asked defendant Killeen "do you want me to turn on the cameras!" Defendant Killeen resepond "no leave them off Im gonna teach this nigga a lesson!"

27-31. Defendant Killeen Performed the strip search in this strip search area. Defendant Killeen Verberally and physical abuse plaintiff Hudson. After he performed the strip search he choked and smalked Plaintiff Hudson sayin "You filé another grievance Im gonna make sure you never get out of here."

28-32. Plaintiff Hudson was escorted to cell A1-02 of the RHU then shortly afterwards to cell A1-27. Plaintiff Hudson was denied his food for the whole day and had his water turned off for 7 days. Plaintiff didnt recive none of his property for 3 weeks while housed in this cell. This unconstitutional punishment Kept Plaintiff Hudson from filing grievance, litigating, and corresponding with the outside world. See misconduct report attached as Exhibit G.

19-33. Shortly after the strip search and assualt defendant Killeen Performed a cell search on B-54. The cell which housed Plaintiff Hudson before the flood accured. After the search Defendant Killeen

fabricated a dC 141 saying he found K2 amoungst mail wrap in tissue in Plaintiff Hudson property. The same security staff, defendant Moeller tested the brown leafy substance and said it tested positive for K2. This was the same officer that fabricated the lollipops, testing positive for amphetamines. See misconduct report attached as Exhibit H.

30- 34. Plaintiff seen the hearing examiner defendant Tracey Williams on on Febuary 20, 2015. Plaintiff Hudson plead not guilty to possession or use of a dangerous or controlled substance, and possession of contraband. Defendant Tracey Williams goes with the Co's version and found plaintiff Hudson guilty of all charges. Defendant Tracey Williams sentence Plaintiff Hudson to 90 days adding on to the 270 days.

31- 35. During the hearing Plaintiff Hudson ask to see the test results, Defendant Tracey Willams showed black and white photographs of the brown leafy subtance and a photograph of something that looked like a test tube. Base on a test that have to do with color Suposely, defendant Tracey Willams find guilt through black and white photographs and fabericated test results. Again no real lab results was produce at this hearing. Plaintiff Hudson appealed all the way to the Chief hearing examiner and was denied at ever step.

EXHAUSTION OF LEGAL REMEDIES

32 - 36. Plaintiff Hudson used the prisoner grievance procedure available at CampHill State Prison to try and solve the problem. On october 12, 2014 Plaintiff Hudson presented the facts relating to the harrassment, missing legal documents and destroyed property. On october 29, 2014 Plaintiff Hudson was sent a response saying that the grievance had been denied. Hudson appealed the denial to the superintendent. He recived a response November 25 2014 saying the appeal has been denied. Grievance and appeal are attached as Exhibit A.

33-37. On October 26 2014, Plaintiff Hudson presented the facts relating to the extreme and harsh living conditions. On November 19 2014 Plaintiff Hudson was sent a response saying that the grievance had been denied. On November 21, 2014 Plaintiff Hudson appealed the denial of the grievance to the superintendent. He recived no response. Hudson grievance and appeal are attached as Exhibit C.

34-38. On Dec 21, 2014 plaintiff Hudson presented the fact relating to the harrassment, dening and tampering with meals. On January 17, 2015 Hudson was sent a response saying that the grievance had been denied, On January 18th 2015 plaintiff Hudson appealed the denial of the grievance to the superintendent. He recived no response. Hudson grievance and appeals are attached as Exhibit D.

34-39. On Dec 21, 2014 Plaintiff Hudson presented the fact relating to the denial of exercise for long periods of time and the stress and health issues it caused him. On January 10 2015 Hudson was sent a response say that the grievance had been denied. He appealed to the superintendent, ~~[illegible]~~ on March 24 2015 the appeal from the superintendent was denied. Hudson grievance and appeals are attached as Exhibit E.

40. On January 20 2015 Plaintiff Hudson presented the facts relating to the harrassment and denial of meals. On Febuary 28, 2015 Hudson was sent a response saying that the grievance had been denied. He appealed to the superintendent, on April 20 2015 the appeal from the superintendent was denied. Hudson grievance and appeal are attached as Exhibit F.

41. Plaintiff Hudson used the prisoner Appeal procedure available at Camp Hill to try and solve the problem relating to the misconduct hearing, and was denied. Hudson appeals are attached as Exhibit, B.G.

# LEGAL CLAIMS

37-42. Plaintiff reallege and incorporate by reference Paragraphs 1-41.

38-43. Defendant Carberry, Moeller, Coillins and Killeen violated Plaintiff Hudson Eighth Admendment right and Fourth Admendment right by conducting the harrassing cell searches that left the cell each time in total dissaray and important legal documents missing. See 17, 18, 20, 33 and EXHIbit A.

39-44. Defendant Killeen violated plaintiff Hudson Eight Admendment right by use of excessive force, for Choking and smacking plaintiff while cuffed in the strip cage area.

40-45. Defendants Moeller, Collins, Killeen, Willams, Kot, and Carberry Violated Plaintiff Hudson Fourteenth Admendment right under the Due Process Clause. Defendants fabericated false drug test and gave plaintiff Hudson a harsh and extreme sentence of 360 days total. That Subjected plaintiff Hudson to an atypical and significant hardship in relation to the ordinary incidents of Prison life. See statment of claims 19, 21, 22, 33, 34, 35, Exhibit B, H.

41-46. Plaintiff Hudson Eighth Admendment right was violated by defendants Reeder and Killeen, when they denied him meals as retaliation and punishment. This violates plaintiff's 8th Admendment under cruel and unusual punishment and DOC Policy. See statement of claims 23, 24, and Exhibit E.

42-47. Plaintiff Hudson was denied excercise for six months and Counting as retaliation and punishment. This violate plaintiffs Eighth Admendment under cruel and unusual punishment and Doc Policy. See statement of claims 23, 24, and Exhibit E.

43-48. Plaintiff Hudson Eighth Admendment right was violated under cruel and unusual punishment. Plaintiff Hudson was forced to live in extreme and harsh living conditions while house on D-block. the totality of the conditions adds up to create an overall effect that is unconstitutional. See statement of claims and Exhibits.

44-49. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has

been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

• 50. Defendent Digby act with a deliberate indifferentce, in Violation of Plaintiff Hudson Eigth Admendment forfailure to address the ongoing harrassments, assualts, Corporal Punishment, and retaliation Plaintiff Hudson was subjected to while housed in the RHU. She also act with a deliberate indifference because of the fact she knew the inhumane Conditions of the unit Plaintiff was housed on and failed to act. See statement of claims and Exhibit C.

• 51. Defendent Kuzar act with a deliberate indifference in Violation of Plaintiff Hudson Eigth Admendments rights because he is in charge of all the Co's on the housing unit and failed to address the ongoing problems Plaintiff is subjected too. He acted with malice intent to cause harm by deining all the greivances and failing to investigate them properly, thus putting and exposing Plaintiff Hudson to risk of serious harm. See Exhibit D, E, F, and statement of Claims.

• 52. Defendant Cleaver act with a deliberate indifference in Violation of Plaintiff Eighth Admendment rights by acting with a malice and sadistic intent to cause serious harm. He conspiaired in the fabericated misconduct by directing defendant Killeen to get the substance tested, the whole time knowing the substance was tobbacco. He also wittnessed the assualt at the strip cage and failed to act. See statement of claims 30, 31, and misconduct report attached as Exhibit H.

• 53. Defendants Willams and Kot Violated due process rights under the Fourteenth Admendment because they were not impartial decision makers at the hearing, they went with the Co's Version to establish facts, failed to get and produce Proffesional lab anilysis, and the eVidence and test results were illegal and against doc policy. They also acted with a

Malicous intent to cause harm by sentencing plaintiff Hudson to an extreme and harsh sentence of 360 days.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter Judgment granting plaintiff:

45- 54. A declartion that the acts and omission described herein violated plaintiffs rights under the constitution and law of the United States.

55. An inJuction ordering defendants Harry, Carberry to:

1) Release the Plaintiff from punitive segregation and place him in general population, with restoration of all rights and privileges

2) Expunge the disciplinary convictions described in this complaint from plaintiff Hudson institutional record.

56. Compensatory damages in the following amount:

1) $5,000 Jointly and severally against defendants, Willams and Kot for the punishment, including deprivation of liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiff's disciplinary proceeding.

2) $5,000 Jointly and severally against defendants, Moeller, Collins Killeen, Cleaver, for the punishment, including deprivation of liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiffs disciplinary proceeding.

3) $5,000 Jointly and severally against Harry, Digby, Kuzar, for the deliberate inddiffrence that subjected plaintiff to a serious risk of harm and injury.

4) $30000 for each day held in segregation on trump up charges.

5) $100.00 for each day held in segregation under bad and unconsit utional conditions.

6) $5,000 Jointly and severally against reeder, Harry, Digby, Kuzar, Kot, Willams, Carberry, Moeller, Killeen, Cleaver, Collins for the unconsitutional punishment and retaliation while housed in the RHU.

57. Punitive damages in the following amount:
1) $10,000 against defendants Harry, Carberry, Digby, Kuzar, Cleaver, Collins for the unconsitutional punishment and retaliations.

50- 58. Plaintiff also seek a jury trial on all issues triable by jury.

51-59. Plaintiff also seek recovery of their cost in this suit and

52-60. Any additional relief this court deems just, proper and equitable.

DATE: 10-11-15
Respectfully submitted,

Kendall Hudson
HZ2808
P.O. Box 200
Camp Hill PA 17001-0200

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, excepts as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Camp Hill, Pennsylvania on september 19, 2015

Kendall Hudson

Kendall Hudson

# Exhibit A

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

Special property

FOR OFFICIAL USE
531459
GRIEVANCE NUMBER

resubmit 10.17.14 due 11/7/14

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: CAMP HILL | DATE: 10/12/14 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Kendall Hudson #Z2808 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D-BLOCK A-7 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I came to the RHU 9/24/14 I recived my property 10/10/14. Apon receiving my property I'v notice damage property and missing property. The unit manager and the morning shift of N-Block is aware and also reported the incident about the cell being torn up. The officers who searched the cell destroyed property. I have no electronics they all are missing TV, TYPEWRITTER RADIO KEYBOARD. MY FAN was broken and my [illegible] was broken. All my lotions were [illegible] [illegible]. This is harassment to the [illegible] degree. It violate my 8th Amendment Rights. ESPECIALLY MY LAW WORK is missing MY PCRA Brief and my supreme Brief. I need these to very Important documents to countine my legal process. I cant file my Federal habeas with out it. That will leave me time barred and without a fair fight with the courts. My civil right has been violated to the higest degree. I would like to be reimburst for all my pain in suffering, damage and missing property. $150,000 should take care my pain and suffering and damage and missing property.

B. List actions taken and staff you have contacted, before submitting this grievance.

Staff that I'v notifide was [illegible] [illegible] [illegible] my [illegible] They [illegible] [illegible] grievance it nothing they can do.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] 10.17.14

Signature of Facility Grievance Coordinator — Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

**INITIAL REVIEW RESPONSE**
SCI Camp Hill
2500 Lisburn Road Camp Hill PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| | | | |
|---|---|---|---|
| **Inmate Name:** | HUDSON, Kendall | **Inmate Number:** | HZ2808 |
| **Facility:** | SCI Camp Hill | **Unit Location:** | D-A-1007-01 |
| **Grievance #:** | 531439 | **Grievance Date:** | **10/12/2014** |

**Decision:**
- ☐ **Uphold Inmate**
- ☑ **Grievance Denied**
- ☐ **Uphold in part/Denied in part**

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** *Frivolous* ☐

All items that were held in the Security Office have been returned to your property in the RHU. All of your property was inventoried and stored in the same condition that it was found in your cell. If you need specific pieces of your property for legal issues contact the RHU property Officer.

| | |
|---|---|
| **Signature:** | KC |
| **Title:** | Intelligence Captain |
| **Date:** | 10/29/2014 |

cc: Facility Grievance Coordinator
DC-15
File

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| | | | |
|---|---|---|---|
| Inmate Name: | Kendall Hudson | Inmate Number: | HZ-2808 |
| Facility: | Camp Hill | Unit Location: | D Block |
| Grievance #: | 531439 | | |
| Decision: | X **Uphold Response (UR)**<br>☐ **Uphold Inmate (UI)**<br>☐ **Dismiss/Dismiss Untimely** | ☐ **Uphold in part/Deny in part** | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous*

I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Coordinator's rejection. In your appeal, you claim that the situation is not resolved and though you received your electronics, you are still missing a PCRA brief, a Supreme Court brief and legal mail.

I find that the Grievance Coordinator properly rejected your grievance. In the rejection, you were told to provide a copy of your property sheet. Without that documentation, staff cannot investigate your claims of missing property because there is no proof that you had the property in your possession prior to you filing the grievance.

Therefore, I uphold the rejection and your appeal and any requested relief is denied.

| | |
|---|---|
| **Signature:** | [signature] |
| **Title:** | Facility Manager |
| **Date:** | 11.25.14 |

cc: DC-15
File

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) Kathleen Zwierzyna Deputty Superintendent
2. Date: 11/9/14
3. By: (Print Inmate Name and Number) Kendall Hudson HZ2808
Kendall Hudson HZ2808
Inmate Signature
4. Counselor's Name: MS. Koffman
5. Unit Manager's Name: MS. Digby
6. Work Assignment
7. Housing Assignment: D-Block A-7

8. Subject: State your request completely but briefly. Give details.

I am writting to inform you of your security staff. They had me under investagation 9/24/14 and performed a cell search 9/25/14. They destroyed and tore up a lot of property and things came up missing. During the search the only thing they found were lollipops it was a last resort thing they did because they didn't ~~find~~ find nothing. Any drug test in the facility have to be sent to the lab to get accurate test results before a dc 141 can be issued. Every thing about this situation spells corrupt and harassment. All I am asking is they play by the book, and do it right. I know for a fact them lollipops are clean, they even gave me a piss test that came back clean. I am not a problematic inmate so I don't know why I got to go through all this. I just need your help in making this situation right.

9. Response: (This Section for Staff Response Only)

Mr. Hudson,

The issues above should be included in your misconduct appeal.

Issues regarding missing property should be handled by the grievance system.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name K. Zwierzyna (Print) [signature] (Sign) 11/20/14

RECEIVED
Date NOV 12 2014
DEPUTY SUPERINTENDENT FOR CENTRALIZED SERVICES

Revised July 2000

# Exhibit B

DC-141 Part 2B
Rev. 6-84

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**DISCIPLINARY HEARING REPORT**

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| HZ3808 | Hudson | SCIC | 9-30-14 | 1210 | B739753 |

INMATE PLEA: ☐ Guilty ☒ Not Guilty ☐ No Plea ☐ Other

Verdict: ☒ Guilty ☐ Not Guilty

CHARGES: #22 #36 #45

HEARING ACTION

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Plea - #22 Not Guilty, #36 Not Guilty, #45 Not Guilty
Inmate version - Reiterates written version orally, I bought them in Commissary. They weren't found in my possession. I have nothing else to say.

HE believes the officers report over inmate Hudson's denial that Hudson was in possession of contraband Homemade [illegible] Lollipops. Hudson provides no viable or reasonable explanation as to where he got [illegible] provides no [illegible] as to how he got them [illegible] his [illegible] does not explain in any detail as to how the Lollipops were found in his cell. The Lollipops [illegible]. HE does believe the Lollipops were found [illegible] the NIK test showing positive for amphetamines. [illegible] positive on the [illegible] is considered a dangerous or controlled substance. At [illegible] inmate Hudson [illegible] the contraband - (Homemade Lollipops). [illegible] inmate Hudson [illegible] the controlled substance found in his cell. [illegible] in possession of the controlled [illegible]. preponderance of evidence exists to support Charges #22 #36 [illegible] #45.

Guilty #22 - 90 DAYS DC
Guilty #36 - 90 DAYS DC - Consecutive
Guilty #45 - 90 DAYS DC - Consecutive

270 DAYS DC Revoke Contraband
Effective 9-25-14

| | | |
|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☐ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☒ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

(Pages 2)

SEE APPENDICES ☐

[illegible]

NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)

[signature]

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

[signature]

SIGNATURE OF HEARING EXAMINER/COORDINATOR

WHITE - DC-15 YELLOW - Inmate Cited PINK - Staff Member Reporting Misconduct GOLDENROD - Deputy Superintendent

FORM **DC-141** **PART 1**
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B 739353

☑ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| HZ2808 | Hudson, K | SCIC | 0730 | 9/24/14 | 9/25/14 |

| Quarters | Place of Incident |
|---|---|
| N-BIK | B-55 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| KL7042 | Jones | ✓ | | Staff | D. Moeller | | ✓ |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** A 22-Possession or use of A dangerous or controlled substance. B36-Possession of contraband. B45-Failure to report the presence of contraband

**STAFF MEMBER'S VERSION**

On the above date and approximate time this reporting officer along with CO1 D. Moeller did conduct a Investigative cell search on N-Blk cell B55. This investigative search was authorized by Capt. Carberry. Inmate Hudson (HZ2808) and Inmate Jones (KL7042) were asked if they had any contraband in their cells, which they said "no". While searching this cell we did find 3 lollipops in a jolly rancher bag. The lollipops were tested using the NIK test Kit in security office and was tested using test "A" and turned brown showing a positive for Amphetamines. NIK stands for Narcotics Identification System. Due to ongoing Investigation this misconduct was delayed

**IMMEDIATE ACTION TAKEN AND REASON** Release [illegible] Present Status Pending the [illegible]

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| ☐ YES | TIME | DATE |
| ☑ NO | — | — |

Refer to the Hearing Examiner

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY DATE | TIME 24 HOUR BASE |
|---|---|---|---|
| CO1 [signature] | [signature] | 9-25-14 | 1345 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER DATE | TIME | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| 9/26/14 | 0800 | ☑ CLASS 1 ☐ CLASS 2 | [signature] COII |

**NOTICE TO INMATE**

**You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.**

WHITE — **DC-15** YELLOW — **Inmate** PINK — **Reporting Staff Member** GOLDENROD — **Deputy Superintendent Facility Management**

D-A-7

DC-141, Part 2 E
Misconduct Hearing Appeal

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| HZ2808 | Kendall Hudson | CAMP HILL | B739353 |

I was found guilty of misconduct number A22 B36 B45 - on 9-30-14 (date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

OCT 10 REC'D

- [x] a. the procedures employed were contrary to law, Department directives, or regulations;
- [x] b. the punishment is disproportionate to the offense; and/or
- [x] c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

Theres no evidence to support chargeB45 failure to report the presence of contraband, I was never asked if I had any contraband in my cell I was in the RHU during the search, Evidence DC ADM 802 (B482161) 0005 9/24/14. Theres no evidence to support charge A22; there were no sufficent evidence to the lollipops testing positive for Amphetamines, No lab test documents stated that. NK test is here say, I can get anything I find in say I tested it and it showed up positive for Amphetamines. I would like to request an offical lab test to support this charge. If the test come back clean B36 possesion of contraband should be dismissed because the lollipop it self is not contraband, its a melted Jolly rancher with tootsie roll on the inside, everything they sale on commissary. 270 days is to extreme for 3 lollipops when there isnt sufficent evidence to support the charges. Violent offenses dont even hold that much time.

Kendall Hudson
Inmate's Signature

10/1/14
Date

White – DC-15 Yellow- Inmate *Revised 2/01*

# Exhibit C

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

Ordell Conditions

| FOR OFFICIAL USE |
|---|
| 533620 |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI CAMP HILL | DATE: 10/26/14 11/11/14 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) KENDALL HUDSON HZ2808 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D-BLOCK A-7 | |

INSTRUCTIONS:

1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.**

I am [illegible] in an [illegible] confinement [illegible] [illegible] [illegible] [illegible] [illegible] the [illegible] the sink I [illegible] staff [illegible] from the ~~[illegible]~~ I can get ~~[illegible]~~ [illegible] [illegible]. Maxwell v Mason stated that [illegible] in solitary confinement should not be deprived of [illegible] necessities including light, heat, ventilation, sanitation, clothing and proper diet. This violates my 8th amendment rights, cruel and unusual punishment. Relief [illegible] my move to a cell with no problems.

**B. List actions taken and staff you have contacted, before submitting this grievance.**

I [illegible] the [illegible] on the morning shift B [illegible] [illegible] [illegible] [illegible] [illegible] going to [illegible] [illegible] never came back.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature]
Signature of Facility Grievance Coordinator

10/28/14
Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

**INITIAL REVIEW RESPONSE**
SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Kendall Hudson | Inmate Number: | HZ-2808 |
|---|---|---|---|
| Facility: | SCI-Camp Hill | Unit Location: | |
| Grievance #: | 533620 | Grievance Date: | **10-26-14** |

**Decision:**
- ☐ **Uphold Inmate**
- X **Grievance Denied**
- ☐ **Uphold in part/Denied in part**

*It is the decision of this grievance officer to uphold, deny* ***or uphold in part/deny in part*** *the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** Frivolous

In your grievance, you allege that you are living in an unsafe living environment. Your toilet leaks sewage water all over the floor and as a result, mold, decay, and rust are forming. When you use the sink, black stuff comes up from the drain. You believe this is a violation of your 8th Amendment right. As relief, you are seeking to be moved to a cell with no problems.

I have read your grievance and investigated your allegations. D block is an aged housing unit that has noted plumbing problems. An active work order is in the system for your cell. Staff in the RHU do not dictate the workforce for the Maintenance Department and therefore have no control over when maintenance work is completed. Cell cleaning occurs every week on the housing unit and you are afforded the opportunity to clean your cell accordingly.

It is also noted that you have not expressed your concerns to PRC, myself, or the counselor about your cell condition.

Based upon the above-mentioned information, your grievance and any relief sought are DENIED.

| **Signature:** | J. D[signature] |
|---|---|
| **Title:** | Unit Manager |
| **Date:** | 11-19-14 |

cc: Facility Grievance Coordinator
DC-15
File

# Exhibit D

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

Kuzar/Davey [illegible]

**FOR OFFICIAL USE**
546972
**GRIEVANCE NUMBER**

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI CAMP HILL | DATE: 12-21-12 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Kendall Hudson HZ2808 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: A-Block | |

[illegible] 1/4/15

**INSTRUCTIONS:**

1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.**

I turned a grievance in on this issue Dec 5 2014 I havnt heard nothing yet so Im guessing you didnt get it so Im filing it again. Approximately 9:30 [illegible] Dec 5, 2014 I was in law library one. Co Reeder came to cuff me and take me to the [illegible] we had words because he made some racist remarks towards me. He [illegible] like you die [illegible] Lt. DAVEY came shortly and [illegible] me threatened to stomp me out when they get me past the cameras. I [illegible] for my life so I [illegible] them I [illegible] calling [illegible] same day [illegible] I was denied a lunch tray by Co Kuzar I ask him why I cant get my tray he said leave my officers alone. This is an ongoing problem Dec 5, 2014. I couldnt eat until dinner because they playing with my food. I received my lunch tray and everything was smashed up. my breakfast tray had something that looked like [illegible] in it. Officer Reeder passed me breakfast and Lt. Kuzar passed me lunch. This is cruel and unusual punishment. it violates my 8th amendments [illegible] of [illegible] I feel unsafe and fear for my life [illegible] [illegible] this is an ongoing problem. I really need your help thank you very much.

**B. List actions taken and staff you have contacted, before submitting this grievance.** [illegible] [illegible] [illegible] [illegible] I [illegible] on 2nd shift. I [illegible] Sgt Swift and [illegible].

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Walmond
Signature of Facility Grievance Coordinator

1-13-15
Date

WHITE Facility Grievance Coordinator Copy   CANARY File Copy   PINK Action Return Copy
GOLDEN ROD Inmate Copy

# INITIAL REVIEW RESPONSE

SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| | | | |
|---|---|---|---|
| Inmate Name: | Hudson, Kendall | Inmate Number: | HZ2808 |
| Facility: | SCI Camp Hill | Unit Location: | D-B-54 |
| Grievance #: | 546972 | Grievance Date: | 12-21-14 |

Publication (if applicable):

**Decision:** **Uphold Inmate**
**X Grievance Denied**

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

Response: *Frivolous:*

This grievance was assigned to me for response. I have reviewed the issue raised in this grievance. In the grievance you made the allegation that on 12-3-14 you were in the law library and CO1 Reeder made racist remarks to you, you then made the allegation that Lt. Davy threatened you by stating he was going to stomp you when they get past the cameras. You also make the allegation that you were denied lunch on 12-3-14 and that on 12-5-14 your breakfast tray was smashed and it had chewing tobacco in it. Lt. Davy and CO1 Reeder denied the allegations that a racist comment was made to you or that you were threatened. However CO1 Reeder did state that you were noncompliant with strip search procedures when you were in the law library. Lt. Davy stated the same and that he had to intervene to get you to comply. I also checked your 17x housing record and it is clearly annotated that you were disruptive and noncompliant with strip search procedures and that you received your lunch on 12-3-14. Meals delivered to the RHU from the kitchen are inspected by kitchen staff and RHU staff so I can assure you that meals are not tampered with nor damaged when delivered to inmates. In the grievance you seek help by immediate transfer. Due to the aforementioned reasons this grievance is denied.

| | |
|---|---|
| **Signature:** | Lt. Kuzar |
| **Title:** | CO3 |
| **Date:** | 1-17-15 |

cc: Superintendent
Facility Grievance Coordinator
DC-15
File

Exhibit E

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

| FOR OFFICIAL USE |
|---|
| 544814 |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI CAMPHILL | DATE: 12-21-14 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) KENDALL HUDSON HZ2308 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D-Block B-54 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I was denied yard for a month straight. It [illegible] punishment and it violates the 8th amendment. Yard can not be used as a punishment [illegible] and I that I need [illegible] of yard. Them denying me of yard and keeping me confined for 24 hours a day is causing me serious health issues, mentally and physically. 11.6.3 Exercise is one of the basic human necessities by the eigth amendment; Failure to provide prisoner [illegible] more than a very short period with the opportunity for at least five hours a week of exercise outside the cell raises serious constitutional questions. Jail offical who fail to provide each prisoner only one hour per day of exercise out side the cell create a constitutionally intolerable condition. The only relief I can seek in this situation is for [illegible] suffering $50 000 to be paid in full amount for [illegible] suffering.

B. List actions taken and staff you have contacted, before submitting this grievance. I [illegible] the [illegible] staff [illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature]
Signature of Facility Grievance Coordinator

12.26.14
Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

***Attachment 1-A***

# INITIAL REVIEW RESPONSE

SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| | | | |
|---|---|---|---|
| Inmate Name: | Hudson, Kendall | Inmate Number: | HZ2808 |
| Facility: | SCI Camp Hill | Unit Location: | D-B-2-54 |
| Grievance #: | 544814 | Grievance Date: | 12-21-12 |
| Publication (if applicable): | | | |

**Decision:**

**Uphold Inmate**
**X Grievance Denied**

*It is the decision of this grievance officer to uphold or ~~deny the~~ inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** *Frivolous:*

This grievance was assigned to me for response. I have reviewed the issue raised in this grievance. In the grievance you made the allegation that you were denied yard for 1 month straight and are seeking $50,000 for pain and suffering. Although the grievance is dated 2012 and you were housed in general population on P block during the time frame, I reviewed your 17x housing report while you were being housed in the RHU during the 2014 calendar year. You received yard on 11-20-14, 11-21-14, 11-25-14, and 12-17-14. All other dates are annotated as refused and yard is not conducted on the weekend. In accordance with the RHU block rules, the Inmate is responsible for verbally addressing the Officer during morning mainline by stating "yard." Failure to do so will be noted as a refusal. It does appear that you understand the rules to receive yard due to your participation in yard during the time in which you alleged that you were denied the activity. Due to the aforementioned reasons this grievance is denied.

| | |
|---|---|
| **Signature:** | Lt. Kuzar |
| **Title:** | CO3 |
| **Date:** | 1/10/15 |

cc: Superintendent
Facility Grievance Coordinator
DC-15
File



# Facility Manager's Appeal Response
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| | | | |
|---|---|---|---|
| Inmate Name: | Kendall Hudson | Inmate Number: | HZ-2808 |
| Facility: | Camp Hill | Unit Location: | D Block |
| Grievance #: | 544814 | | |

**Decision:**
**X Uphold Response (UR)** ☐ **Uphold in part/Deny in part**
☐ **Uphold Inmate (UI)**
☐ **Dismiss/Dismiss Untimely**

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous*

You claim that while housed on D Block you signed up for yard every day and you were denied every time. You also claim that the dates in the response are false and that you are getting really ill in the cell which has affected you mentally and physically. The relief you seek is to have the cameras checked to show you were not in yard on 11.20.14, 11.21.14, 11.25.14 and 12.17.15 and you want to know why you were denied yard and staff are getting away with it.

As previously stated by the grievance officer, yard is not conducted on weekends and a review of your 17X record reflects that you went to yard on the dates listed above and refused yard the remaining dates. There is no evidence to support your claim that you were denied yard for a month.

Therefore, I uphold the initial response and your appeal and any requested relief is denied.

| | |
|---|---|
| **Signature:** | [signature] |
| **Title:** | Facility Manager |
| **Date:** | 3.24.15 |

cc: DC-15
File

Exhibit F

B-54

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
550551
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI Camp Hill | DATE: 1/20/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) [illegible] | SIGNATURE OF INMATE: [signature] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D Block B 54 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Tuesday January 20th approximately 7:40 officer Killen did a cell search on my cell before they let me in the yard. Officer Killen went in there and started to throw a lot of my things on the tier. He throw away legal documents and magazines that I paid for. legal document was something I was preparing for court. He trash my cell then told me to clean my cell if I want to go to yard. Then [illegible] me back in denying me of my daily activity. I ask him why you keep doing this to me? He [illegible] write it up and see what happens. I don't even feel safe going to yard now. This is one of the [illegible] that also been [illegible] with my food and denying me meals. The problem still happening and nothing [illegible] done and its really getting to me. [illegible] violating a lot of my rights. them legal documents was [illegible] [illegible] in my cell [illegible] and threw [illegible] the tier. The time I [illegible] the camera the camera faces directly at my cell. The relief [illegible] [illegible] I do nothing to these officers to be treated like this. [illegible] unusual punishment. I ask [illegible] that [illegible] be removed [illegible] [illegible] facility.

B. List actions taken and staff you have contacted, before submitting this grievance.

[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] — Signature of Facility Grievance Coordinator

2/10/15 — Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

**INITIAL REVIEW RESPONSE**

SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| | | | |
|---|---|---|---|
| **Inmate Name:** | Hudson, Kendall | **Inmate Number:** | HZ2808 |
| **Facility:** | SCI Camp Hill | **Unit Location:** | D-A1-27 |
| **Grievance #:** | 550534 | **Grievance Date:** | **1-20-14** |
| **Publication (if applicable):** | | | |

**Decision:** **Uphold Inmate**
**X Grievance Denied**

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** Frivolous

This grievance was assigned to me for response. I have reviewed the issue raised in this grievance. In the grievance you made the allegation that you were denied yard by Officer Killeen on January 20th. You also alleged that Officer Killeen is playing with your food and denying you meals as well as destroying your magazines and legal documents. Although you dated the grievance 1-20-14 I reviewed your 17x for 2015. On 1-20-15 it was annotated that you did not go to yard due to excessive trash and contraband (magazines) in your cell. It specifically states in the RHU rules which you have been issued that beds must be made and overall cell appearance must be neat to receive yard. In this particular incident you had magazines that did not belong to you and excessive trash during the inspection which warrants your refusal for yard. I also reviewed your 17x for your alleged missed meals. You have received every meal since your entry into the RHU except 11/3/14 and 11/4/14. The meals missed on those dates was your choice when you were attempting to go on a hunger strike in protest for more heat in the RHU. In your grievance you request a transfer or a move to a safer environment. You are currently housed in the RHU due to disciplinary reasons and continue to incur more DC time due to your poor adjustment and failure to comply with institutional rules. You are single celled and when you request any type of activity you are escorted by 2 staff members to the activity in view of a camera. You are in the safest environment the DOC can offer you. Due to the aforementioned reasons, this grievance is denied.

| | |
|---|---|
| **Signature:** | Lt. Kuzar |
| **Title:** | CO3 |
| **Date:** | 2/28/15 |

cc: Superintendent
Facility Grievance Coordinator
DC-15
File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***
Issued: 12/1/2010
Effective: 12/8/2010

***Attachment 1-D***

[handwritten: 3/2/15]

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| | | | |
|---|---|---|---|
| Inmate Name: | Kendall Hudson | Inmate Number: | HZ-2808 |
| Facility: | Camp Hill | Unit Location: | E Block |
| Grievance #: | 550534 | | |
| Decision: | X **Uphold Response (UR)**<br>☐ **Uphold Inmate (UI)**<br>☐ **Dismiss/Dismiss Untimely** | ☐ **Uphold in part/Deny in part** | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous:*

I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Officer's response. In your appeal, you claim that you filed an appeal dated 3.5.15 and you still have not received a response so you filed another appeal because sometimes paperwork disappears. You also claim that on 1.20.15 at approximately 7:40, CO Killeen conducted a cell search and he threw away important legal documents and denied you meals and yard in retaliation to you filing a grievance and he stood good on his word and wrote you up under misconduct number B742167 for false accusations claiming you had K2 with inaccurate results and he conducted another cell search which violates your 8th amendment rights and falls under harassment.

I find that the Grievance Officer properly investigated your grievance concerns and provided an appropriate response. As previously stated by the Grievance Officer, the RHU rules specifically state that beds must be made an overall cell appearance must be neat to receive yard and a review of your 17x reflects that on 1.20.15 you did not go to yard due to excessive trash and contraband in your cell. You have not provided any proof to support a claim that legal documents were thrown away. Your 17x also reflects that the only meals you have missed were on 11.3.14 and 11.4.14 and this was your own choice because you were attempting to go on a hunger strike. The issues regarding your misconduct will not be addressed. See DC-ADM 801 for misconduct appeal procedures. You have not provided any proof to support your claims that your cell was searched a second time or that staff are harassing you.

Therefore, I uphold the initial response and your appeal and any requested relief is denied.

| | |
|---|---|
| **Signature:** | [signature] |
| **Title:** | Facility Manager |
| **Date:** | 4.20.15 |

cc: DC-15
File

Exhibit G

 B-CODE

FORM DC-141 PART 1
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B 742165

☑ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| HZ2808 | Hudson | SCIC | 0640 | 2-14-15 | 2-14-15 |
| Quarters: RHU | Place of Incident: RHU B2-54 cell. | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | CO1 Killeen | | | | | | |
| | CO1 Crouse | | | | | | |
| | CO1 Ziegler | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** B Class 1 #35 Refusing to obey an order
A Class 1 #15 Threatening an Employee

**STAFF MEMBER'S VERSION** On the above Date and time after meals were severed Inmate Hudson HZ2808 Began to Flood His cell. I gave several orders for Hudson to come to the Door and Be Handcuffed. All orders were Refused. Lt. Kutai gave Several orders and they were Refused also. Inmate Hudson would not get Handcuffed till the Shift Comm. talked to Him. Hudson cuffed up and was Escorted to the Strip Search Area. After the Strip search was complete Hudson was Escorted to cell A1-02. During the Escort Hudson Said "I'll get you faggots out in pop. You'll see. going to get fucked up.

**IMMEDIATE ACTION TAKEN AND REASON** Remain current status "CDC" in the RHU until seen by Hearing Examiner. T.K.

| PRE-HEARING CONFINEMENT | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES | | |
| ☒ NO | Already | confined |

Misconduct warranted due to inmate's actions.

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| [signature] CO II (Crouse) | Capt [signature] | 2/14/15 | 1225 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | | Signature of Person Serving Notice |
|---|---|---|---|---|
| DATE | TIME | ☒ CLASS 1 | ☐ CLASS 2 | [signature] Ziegler |
| 2.15.15 | 0800 | | | |

**NOTICE TO INMATE**
**You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.**

WHITE — DC-15 YELLOW — Inmate PINK — Reporting Staff Member GOLDENROD — Deputy Superintendent Facility Management

Exhibit H

A27

FORM DC-141 PART 1
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B 742167

☒ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| HZ2808 | HUDSON | SCIC | 0910 | 2-14-15 | 2-14-15 |

| Quarters | Place of Incident |
|---|---|
| RHU | RHU CELL B2-54 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | LT KUZAR | X | | | | | |
| STAFF | COI MOELLER | X | | | | | |
| STAFF | SGT CLEAVER | | X | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS 1 CAT A #22 POSSESSION OR USE OF A DANGEROUS OR CONTROLLED SUBSTANCE, CLASS 1 CAT B #36 POSSESSION OF CONTRABAND

**STAFF MEMBER'S VERSION** ON THE ABOVE DATE AND TIME WHILE THIS OFFICER WAS CONDUCTING A CELL SEARCH OF B2-54, WHICH HOUSED INMATE HUDSON (HZ2808), THIS OFFICER DID FIND AN UNKNOWN BROWN LEAF LIKE SUBSTANCE WRAPPED IN A PIECE OF TOILET PAPER AND HIDDEN AMONGST HIS PAPER WORK. THIS OFFICER SHOWED SGT CLEAVER AND SGT CLEAVER DIRECTED THIS OFFICER TO CONTACT SECURITY. THIS OFFICER CONTACTED COI MOELLER AND HE CAME TO THE RHU TO COLLECT THE SUBSTANCE. COI MOELLER TESTED THE SUBSTANCE IN SECURITY. COI MOELLER CONTACTED LT KUZAR AFTER TESTING THE SUBSTANCE THAT IT TESTED POSITIVE FOR K2. END OF REPORT.

**IMMEDIATE ACTION TAKEN AND REASON** Remain current status "CDC" in the RHU until seen by Hearing Examiner. Lt. K

Misconduct warranted due to inmate's actions.

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES / ☒ NO | Already | confined |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY: DATE | TIME 24 HOUR BASE |
|---|---|---|---|
| [signature] COI KILLEEN | Capt [signature] | 2/14/15 | 1223 |

YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER

| DATE | TIME |
|---|---|
| 2.15.15 | 0800 |

MISCONDUCT CATEGORY
☒ CLASS 1 ☐ CLASS 2

Signature of Person Serving Notice [signature]

**NOTICE TO INMATE**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15 YELLOW — Inmate PINK — Reporting Staff Member GOLDENROD — Deputy Superintendent Facility Management

DC-141 Part 2B
Rev. 6-84

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DISCIPLINARY HEARING REPORT

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| HZ2808 | Hudson | SCIC | 2-20-15 | 1220 | B742167 |

INMATE PLEA: ☐ Guilty ☑ Not Guilty ☐ No Plea ☐ Other

Verdict: ☒ Guilty ☐ Not Guilty

CHARGES: #22 #36

HEARING ACTION

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

I/M pleads not guilty to #22; 36

I/M submits a written version and states that it was not K-2. I/M states it was tobacco.

HEX believes Officer Killeen's report over the inmate's denial that inmate was in possession of a dangerous or controlled substance and in possession of contraband by having an unknown brown substance wrapped in a piece of toilet paper among paperwork. The

Guilty #22 90 days DC
#36 30 days DC cc
90 days DC cs to B742155

☑ YES ☐ NO The inmate has heard the decision and has been told the reason for it and what will happen.

☑ YES ☐ NO The circumstances of the charge have been read and fully explained to the inmate.

☑ YES ☐ NO The opportunity to have the inmate's version reported as part of the record was given.

☐ YES ☐ NO The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review.

SEE APPENDICES ☑

NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)

T. Williams

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

[signature]

SIGNATURE OF HEARING EXAMINER/COORDINATOR

WHITE - DC-15 YELLOW - Inmate Cited PINK - Staff Member Reporting Misconduct GOLDENROD - Deputy Superintendent

DC-141, Part III
Program Review
Committee Action

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**

☒ Misconduct Appeal ☐ Periodic Review ☐ Other

| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
|---|---|---|---|---|
| HZ2808 | Hudson, Kendall | CAM | 2/24/15 | B724167 |

**Program Review Committee's Decision and Rationale**

The above named inmate is appealing the decision of the Hearing Examiner on 2/20/15

misconduct # B724167 on the following grounds:

☒A. The procedures employed were contrary to law, Department directives, or regulations
☒B. The punishment is disproportionate to the offense
☒C. The findings of fact were insufficient to support the decision

~~PRC Decision: PRC has reviewed the misconduct, your appeal, and supporting documentation and has~~ determined that:

☒A. The procedures employed did/ did not violate law, Department directives, or regulations
**There is no evidence of any action taken that was contrary to DOC policy or procedures.**

☒B. The punishment is/is not proportionate to the offense
**The maximum sanction for a Class 1 misconduct is 90 days Disciplinary Custody per DC ADM 801. The sanction of 90 Days is well within established guidelines.**

☒C. The findings of fact were/were not sufficient to support the decision
**The evidence relied upon was sufficient to support the Hearing Examiner's decision of guilt.**

The above named inmate was informed of the PRC's decision in writing.

Decision Relative to PRC Review

☐ Continue ☐ Move to AC ☐ Release to GP ☐ Release Cell Restriction ☐ Continue Investigation

☐ Release to Control GRP ☐ Release Medical ☐ Release Diag. Center ☐ Release Sent. Complete

Decision Relative to Hearing Examiner's Verdict

☐ Reject ☒ Uphold ☐ Uphold-Modify ☐ Remand back ☐ Vacate-permit Recharge ☐ Dismiss

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Kathleen Zwierzyna, DSCS | [signature] | 2/24/15 |
| James Meintel, DSFM | [signature] | 2/24/15 |
| David G. Radziewicz, CCPM | [signature] | 2/24/15 |

**WHITE – DC-15 YELLOW – INMATE PINK – STAFF MEMBER REPORTING MISCONDUCT GOLDENROD - DSFM**

DC-141, Part 2 E
Misconduct Hearing Appeal

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| HZ2808 | Kendall Hudson | CAMPHILL | 742167 |

I was found guilty of misconduct number A22 B36 - on 2-20-15 (date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

[x] a. the procedures employed were contrary to law, Department directives, or regulations;

[x] ~~b. the punishment is disproportionate to the offense, and/or~~

[x] c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

The finding in facts were insufficients because there were know legitiamate evidence. I seen the test results in the hearing and that wasn't test results. It was a black in white picture of a test tube If the NIK test is base on color test how you find me guilty of somthing from black and white photos. The NIK test do not test for K2 Me and everybody eles no that, if you get that picture in color you would see that the accusations made against me were false. The CO that wrote me up only did it because of the past Grievances I wrote on him if you investagate this situation you would find out it just retalliation from past Grievences. Therefore the procedures were contrary to law, Department directives, or regulations;

Kendall Hudson
Inmate's Signature

2/23/15
Date

White – DC-15 Yellow- Inmate **Revised 2/01**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENDALL Hudson
Plaintiff

Civil No. 3:15-CV-1282

(JUDGE MARIANI)

V.

CARBERRY, et al.,
Defendants

## PROOF OF SERVICE

Kendall Hudson declares under Penalty of PerJury Pursuant to 28 U.S.C§1746 that he mailed a copy of the enclosed PROPOSED AMENDED COMPLAINT to defendant Counsel, Keli M. Neary, Deputy Attorney General, Office of Attorney General Litigation Section, 15th FL., Strawberry Square, Harrisburg, PA 17120, by Placing them in an envelope and Placing the envelope in the Mail Pick up line in the RHU a CampHill Correctional Facility, P.O. Box 200, CampHill, PA. 17001-0200, on

Kendall Hudson
Kendall Hudson
HZ2808
P.O.Box200
CampHill PA 17001-0200

Date: 10-11-15


inmate mail
$ 002.52