IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALL HUDSON, | : | Civil No. 3:15-cv-1282 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | |
| CARBERRY, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Kendall Hudson, an inmate formerly confined at the State Correctional Institution, in Camp Hill, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 22). Named as Defendants are Laurel Harry, Keith Carberry, Harrison Collins, John Killeen, Anthony Kot, Delbert Moeller, Darrin Reeder, Tracey Wilson, Jen Digby, Kuzar, and Cleaver. (*Id.* at pp. 2-3).

Presently pending before the Court is Plaintiff's motion to compel discovery filed on March 7, 2016. (Doc. 33). For the reasons set forth below, the motion will be granted in part and denied in part.

I.  **Standard of Review**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P.

37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)©.

II. **Discussion**

In the instant motion to compel, Plaintiff requests that Defendants produce: (1) answers to the first set of Interrogatories directed to Defendant Moeller; (2) answers to the first set of Interrogatories directed to Defendant Killeen; and (3) the documents requested in the second request for production. (Doc. 33). Plaintiff seeks updated responses to his Interrogatories following the conclusion of a Department of Corrections ("DOC") internal Prison Rape Elimination Act ("PREA") investigation. (*Id.* at pp. 1-2). In response, Defendants assert that they responded to all of Plaintiff's requests, and provided updated responses to the Interrogatories following the conclusion of the PREA investigation. (Doc. 38). Specifically, Defendants note that they provided Plaintiff with 120 pages of responsive documents, responded to 103 Interrogatories, and addressed 25 requests for admission. (*Id.*). Defendants therefore contend that the motion to compel should be denied as moot. (*Id.*).

A. **First Set of Interrogatories Directed to Defendant Moeller**

On October 7, 2015, Plaintiff served his first set of sixteen Interrogatories to

Defendant Moeller. (Doc. 38, Ex. 1). On November 5, 2015, Defendant Moeller served his answers on Plaintiff. (Doc. 38, Ex. 2). Defendant Moeller set forth fifteen objections to the Interrogatories. (*Id.*). Further, Defendant Moeller provided answers to fourteen of the Interrogatories, with the qualification that he did not waive his stated objections. (*Id.*). Defendant Moeller additionally noted that two of the Interrogatories could not be answered at that time because they related to an anticipated DOC decision in an internal PREA investigation. (Doc. 38, Ex. 2, Interrogatories 11, 16). On April 20, 2016, after the PREA investigation was completed, Defendant Moeller supplemented his responses to Interrogatories 11 and 16. (Doc. 38, Ex. 3).

In the instant motion, Plaintiff seeks responses to the following Interrogatories directed to Defendant Moeller:

(11) On February 11, 2015, you tested a substance found by officer Killeen. What was the substance, describe what it looked like?

> Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal Prison Rape Elimination Act ("PREA") investigation, which information is, therefore, subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 17).

4

Supplemental Response: The substance which tested positive for K2 or synthetic cannabinoid was a brown leafy substance similar to tobacco in appearance. (Doc. 38-1, p. 26).

(12) The substance tested positive for K2. What is K2?

Initial Response: Objection. Defendant specifically objects to this Interrogatory to the extent that it references information protected by the deliberative process privilege due to an ongoing PREA investigation. Defendant further objects to this Interrogatory to the extent that it calls for expert testimony regarding the scientific nature and/or composition of "K2." Without waiving the foregoing, Defendant responds that, in general, to the best of his knowledge, K2 is synthetic marijuana. (Doc. 38-1, p. 18).

(15) Why wasn't the substance sent out for laboratory analysis. (Doc. 35, pp. 6-7).

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information protected by the deliberative process privilege due to an ongoing PREA investigation. By way of further response, see Defendant's Response to Interrogatory No. 10, *supra*, for additional information regarding outside laboratory analyses in general. (Doc. 38-1, p. 21).

The Court concludes that Defendant Moeller has adequately responded to Plaintiff's Interrogatories. Accordingly, Plaintiff's motion to compel as to these requests will be

denied.

## B.    First Set of Interrogatories Directed to Defendant Killeen

On October 7, 2015, Plaintiff served his first set of fourteen Interrogatories to Defendant Killeen. (Doc. 38, Ex. 4). On November 13, 2015, Defendant Killeen served his answers on Plaintiff. (Doc. 38, Ex. 5). Defendant Killeen answered two Interrogatories, and objected to the remaining Interrogatories due to the ongoing PREA investigation. (*Id.*). Plaintiff argues that these questions do not pertain to the PREA investigation, which related to an incident on August 28, 2015. (Doc. 35, p. 6). Rather, Plaintiff asserts these questions relate to an incident that occurred on February 14, 2015, and thus, Defendants' objection based on the then-pending PREA investigation is irrelevant. (*Id.*). On April 20, 2016, after the PREA investigation was completed, Defendant Killeen provided supplemental responses to the remaining Interrogatories. (Doc. 38, Ex. 6).

In the instant motion, Plaintiff seeks responses to the following Interrogatories directed to Defendant Killeen:

(3) Were you ever under investigation for mistreatment of inmates[,] if yes how many times?

>   Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal Prison Rape Elimination Act ("PREA") investigation, which information is, therefore,

subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 38).

Supplemental Response: Yes. I do not know how many times. (Doc. 38-1, p. 53).

(4) On February 14, 2015 you conducted a cell search on Hudson['s] cell[,] why was this search conducted?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks information that is equally accessibl[e] to, or already known by, the Plaintiff. Without waiving the foregoing, the Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 39).

Supplemental Response: I do not remember. (Doc. 38-1, p. 53).

(5) What was found in this search and where was it found?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks

information that is equally accessibl[e] to, or already known by, the Plaintiff. Without waiving the foregoing, the Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 40). Supplemental Response: I do not remember but all relevant information would have been reflected in the inmate misconduct form and a copy was given to the inmate. (Doc. 38-1, p. 54).

(6) List all the names of the staff that was around during this search?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 41). Supplemental Response: I do not remember but all relevant information would have been recorded in the inmate misconduct form and a copy was given to the inmate. (Doc. 38-1, p. 54).

(7) What did you do with the contraband you found in the cell?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative

process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 42).

Supplemental Response: I do not have an independent recollection of what occurred because this was a while ago; however, if contraband was found, it would have been recorded on a confiscation slip per DC-ADM 154A. (Doc. 38-1, p. 54).

(8) What did you do with Hudson's property after the cell search?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 43).

Supplemental Response: I do not remember. If it was confiscated, there would have been a confiscation slip. *See* response to Request No. 7, above. (Doc. 38-1, p. 54).

(9) Where was Hudson at during the cell search February 14, 2015?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks information that is equally accessibl[e] to, or already known by, the Plaintiff. Without

waiving the foregoing, the Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 44).

Supplemental Response: I do not remember. (Doc. 38-1, p. 55).

(10) List a name of all the staff that escorted Hudson to the strip cage area?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks information that is equally accessibl[e] to, or already known by, the Plaintiff. Without waiving the foregoing, the Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 45).

Supplemental Response: I do not remember. (Doc. 38-1, p. 55).

(11) Who performed the strip search in this area?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks information that is equally accessibl[e] to, or already known by, the Plaintiff. Without waiving the foregoing, the Defendant will update this response, where appropriate,

following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 46).

Supplemental Response: I do not remember. (Doc. 38-1, p. 55).

(12) In this area there[']s a camera that records all strip searches. Is there any record of this search?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 47).

Supplemental Response: I do not know. (Doc. 38-1, p. 55).

(13) What kind of cell was Hudson placed in after the strip search?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. Defendant further objects to this Interrogatory because it seeks information that is equally accessibl[e] to, or already known by, the Plaintiff. Without waiving the foregoing, the Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 48).

Supplemental Response: I do not have a current recollection but he may have been7

placed in an RHU cell. (Doc. 38-1, p. 55).

(14) Why didn't Hudson receive his property in this cell?

Initial Response: Objection. Defendant specifically objects to this Interrogatory because it seeks information related to an anticipated DOC decision in an internal PREA investigation, which information is, therefore, subject to the deliberative process privilege. The Defendant will update this response, where appropriate, following the conclusion of the aforementioned investigation. (Doc. 38-1, p. 49).

Supplemental Response: I do not know. (Doc. 38-1, p. 55).

The Court concludes that Defendant Killeen has improperly provided limited and incomplete answers to Interrogatories 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14. Accordingly, the Court will order Defendant Killeen to provide more complete answers to Interrogatories 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14. With respect to Interrogatory No. 3 directed to Defendant Killeen, the Defendant is directed to make a reasonable inquiry into his own personnel file to determine whether his file documents the number of times he has been under investigation for mistreatment of inmates. That information shall then be supplied to the Plaintiff. In addition, the Defendant shall search his personal records and provide an answer to the best of his recollection in response to the question as to how many times he has been under investigation for mistreatment of inmates. An answer of "I do not know how many times," as was previously given, shall be unacceptable and may subject Defendant

...

Killeen to the imposition of sanctions.

Defendant Killeen's answer to Interrogatory No. 4 is likewise unacceptable and Defendant Killeen is ordered to provide an account to the best of his recollection, relying upon any documents in his possession, custody or control, or in the possession, custody or control of the institution to provide an answer as to why a cell search of the Plaintiff's cell was conducted on February 14, 2015. The date of the search is such that it is not so distant in time that Defendant Killeen's "lack" of memory is a sufficient answer.

With respect to Defendant Killeen's answers to Interrogatories Nos. 5 and 6, the Defendant is directed to provide a full and complete response and, where necessary, to review the inmate misconduct form issued to the Plaintiff as a basis for doing so. Defendant shall also make a reasonable inquiry with his superiors to determine what, if anything, was uncovered in the search to which reference is made in Interrogatory No. 5 and to determine the identities of staff who were present during the search.

With respect to Defendant Killeen's answer to Interrogatory No. 7, the Defendant is directed to again consult all records within his possession, custody or control or within the possession, custody or control of the institution to provide an answer to this interrogatory. In addition, the Defendant is directed to inquire as to the existence of a confiscation slip and, should such a slip be located, to report its contents in the answer to this interrogatory.

The same process shall be repeated with respect to Interrogatory No. 8, No. 9, No.

10 and No. 11.

With respect to Interrogatory No. 12, the Defendant shall make a reasonable inquiry to his superiors at the Camp Hill State Correctional Institution and provide an answer to the questions set forth in Interrogatory No. 12, i.e., whether a camera records all strip searches and, if so, whether there is any record of the search at issue in this case.

The Defendant shall follow the same procedure with respect to Interrogatories Nos. 13 and 14 and shall provide a truthful and complete response to the extent that a search of the relevant records or the Defendant's memory allows him to do so.

### C. Second Request for Production Directed to Defendants

On December 7, 2015, Plaintiff served a second request for production of documents on Defendants. (Doc. 38, Ex. 7). Defendants initially did not respond to these requests based on their pending motion to stay the proceedings. (Doc. 38, pp. 3-4). On April 25, 2016, following the conclusion of the PREA investigation, and subsequent to the filing of the instant motion to compel, Defendants responded to this request. (Doc. 38, Ex. 8). Upon review of Defendants' responses to Plaintiff's second request for production, the Court concludes that Defendants have adequately responded to Plaintiff's requests. Accordingly, the motion to compel as to these requests will be denied.

### III. Conclusion

Based on the foregoing, Plaintiff's motion to compel (Doc. 33) will be granted in part

14

and denied in part. An appropriate Order shall issue.

Date: January 5, 2017

Robert D. Mariani
United States District Judge