# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL HUDSON, | Civil No. 3:15-cv-1282 |
| Plaintiff, | (Judge Mariani) |
| v. | |
| CARBERRY, *et al.*, | |
| Defendants | |

## MEMORANDUM

## I. Background

On June 30, 2015, Plaintiff Kendall Hudson ("Hudson"), an inmate formerly confined at the State Correctional Institution, Camp Hill, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are correctional officers Carberry, Moeller, Collins, Killeen and Reeder, hearing examiners Kot and Wilson, and Superintendent Harry. (*Id.* at pp. 2-3). On September 8, 2015, Defendants filed an answer to the original complaint. (Doc. 15). On October 8, 2015, Hudson filed an amended complaint wherein he named the eight originally named Defendants, as well as newly named Defendants Digby, Kuzar, and Cleaver. (Doc. 22). On January 4, 2017, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to the claims in the original complaint. For the reasons set forth below, Hudson's proposed amended complaint will be accepted and the motion for summary judgment will be dismissed without prejudice to Defendants' right to renew the motion as to the amended

complaint.

## II. Discussion

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). This Court's Local Rules require that a proposed amended pleading accompany a motion. See M.D. Pa. Local Rule 15.1(a). The "amended pleading must be retyped or reprinted so that it will be complete in itself." *Id.*

The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Breiner v. Litwhiler*, 245 F. Supp. 2d 614, 623 (M.D. Pa. 2003) (citing *Dover Steel Co., Inc. v. Hartford Accident*

2

*and Indent.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993)). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Based on the procedural history of this case, the Court finds that Hudson may file an amended complaint as a matter of course. Hudson's original complaint was filed on June 30, 2015. (Doc. 1). Defendants filed their answer to the original complaint on September 8, 2015. (Doc. 15). Hudson then filed a proposed amended complaint on October 19, 2015. (Doc. 22). In light of Hudson's *pro se* status, the proposed amended complaint will be accepted under the provisions of Federal Rule of Civil Procedure 15(a)(1)(B).

The Court must also consider whether accepting the proposed amended complaint would result in prejudice to the Defendants. Prejudice may result under Rule 15(a) when a proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Leave to amend should be granted unless equitable

3

considerations render it otherwise unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted). Factors that may justify denying leave to amend are undue delay, bad faith, and futility. *Id.* The Court finds that accepting Hudson's proposed amended complaint would not result in prejudice to the Defendants.[1] In the proposed amended complaint, Hudson names the eight originally named Defendants and sets forth the same allegations against those Defendants. Hudson clearly identifies, by numbered paragraph, each allegation that was set forth in the original complaint and re-alleged in the proposed amended complaint. (Doc. 22, ¶¶ 3-49, 54, 58-60). Hudson also seeks to add constitutional claims against three new Defendants relating to the same conduct in the original complaint. Hudson clearly identifies each new allegation set forth in the proposed amended complaint. (Doc. 22, ¶¶ 50-53, 55-57). Hudson did not exhibit any undue delay in filing his proposed amended complaint, nor did he act in bad faith or with improper motive.

The Court notes that, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating any original complaint. *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("in general, an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity"). Thus, any motion challenging the original complaint is now moot. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has

---

[1] Defendants have not opposed nor moved to strike Hudson's proposed amended complaint.

4

been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading"). Consequently, the pending motion (Doc. 43) for summary judgment will be dismissed without prejudice.

## III. Conclusion

Leave to amend should be liberally given "when justice so requires." FED. R. CIV. P. 15(a)(2). Hudson's proposed amended complaint will be accepted as filed, and the pending motion (Doc. 43) for summary judgment will be dismissed without prejudice to Defendants' right to renew the motion as to the amended complaint. A separate Order will issue.

Date: August 28, 2017

Robert D. Mariani
United States District Judge